IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD SUTTON, | ) | |
| AIS #210657, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | CIVIL ACTION NO. 2:11-CV-21-WKW |
| | ) | [WO] |
| | ) | |
| COMMISSIONER OF THE ALA. | ) | |
| DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Ronald Sutton ["Sutton"], a state inmate currently confined at the Limestone Correctional Facility, in which he challenges the diet and treatment provided to him for his diabetes. Sutton seeks preliminary injunctive relief under Rule 65, *Federal Rules of Civil Procedure*, requiring the defendants to accommodate the dietary and medical needs associated with his diabetes. *Plaintiff's Complaint - Court Doc. No. 1* at 8-9. The court construed this request as a motion for preliminary injunction and required responses to this motion from the defendants. The defendants filed responses, supported by relevant evidentiary materials, on January 27, 2011.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound

discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Sutton demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury

2

would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II. DISCUSSION

In his response to the motion for preliminary injunction, the defendants maintain that "Sutton is currently receiving both a propr diet and treatment for his diabetes.... Sutton may not like specific aspects of his treatment regimen, or perhaps he believes he is entitled to better treatment. That, however, is irrelevant, because Sutton's diabetes has irrefutably been treated while he has been in ADOC's custody at Limestone. Consequently, Sutton cannot claim that his disability has not been accommodated under the ADA, nor can he credibly assert that the Defendants have discriminated against him or have been 'deliberately indifferent' to his medical needs. Thus, Sutton cannot show at this stage of litigation that he will likely succeed on the merits of his ADA or § 1983 claims." *Response of the Commissioner of the Alabama Dept. of Corrections - Court Doc. No. 21* at 3; *see also Response of the Commissioner of the Alabama Department of Corrections and Attorney General for the State of Alabama - Court Doc. No. 22* at 2-3. In addition, the affidavit of Brandon Kinard, a registered nurse and regional clinical

manager for the Alabama Department of Corrections, demonstrates that Sutton has received treatment for his diabetes.

> Mr. Sutton is currently on a 1800 calorie wellness diet with a diabetic snack at night that was ordered on 2/26/2010 and continued on 8/8/2010 by the site nurse practitioner. There is documentation that Mr. Sutton has been picking up his tray as ordered along with his diabetic snack. The Alabama Department of Corrections['] diet manual was published in April of 2009 and has been reviewed and approved by [its medical director and a consultant dietician].
>
> Mr. Sutton is being seen in the diabetic chronic care clinic every three months at Limestone. His last visit was 11/10/2010. [Sutton] is currently on 70/30 insulin every morning and Lantus insulin every evening. He also gets Humalog insulin as needed for any blood sugar greater than 200. His blood sugars are being monitored and documented twice daily. Mr. Sutton's blood sugar control is monitored every three months by a blood test called a Hemoglobin A1C. The last hemoglobin A1C was done on 11/2/2010 and the level was (8.0). With this level being above normal, he was seen on 11/10/2010 and his morning insulin regimen was increased by the treating nurse practitioner. He will have a follow-up hemoglobin A1C in three months to see if the current treatment regimen is keeping his sugar under adequate control. Mr. Sutton had a urine microalbumin and lipid panel completed on 11/2/2010 to check his renal function and lipids. An eye exam was completed on 7/15/2010 by Dr. Hooks, optometrist, and no diabetic retinopathy was noted. He was ordered a new pair of eye glasses that he received on 7/29/2010. Mr. Sutton had a monofilament foot exam completed by the nurse practitioner on 11/10/2010. A callous was documented for this exam and Mr. Sutton was issued a pumice stone. I see no provider's order or request in the medical record for any specialized diabetic footwear. [ADOC] does provide footwear for our inmates, but any specialized footwear requires a provider's order. Mr. Sutton had his annual prophylactic dental exam completed on 7/23/2010.
>
> Mr. Sutton's diabetes will continue to be monitored as above and changes made as needed by the providers at Limestone.

*Exhibit A to the Response of July 21, 2011 - Court Doc. No. 21-1* at 2-3; *Exhibit E to the Second Response of July 21, 2011 - Court Doc. No. 22 (Affidavit of Izrell Parker - Steward III)* at 1 (Sutton receives diabetic meals in accordance with the diet plan certified

by the correctional system's consultant dietician/nutritionist).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Sutton has failed to demonstrate a substantial likelihood of success on the merits of his claims. Sutton also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants at this time because issuance of the requested injunction would interfere with the treatment decisions of medical personnel. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Sutton has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before February 15, 2011, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

  DONE, this 7th day of February, 2011.

          /s/ Susan Russ Walker
          SUSAN RUSS WALKER
          CHIEF UNITED STATES MAGISTRATE JUDGE